## UNITED STATES v. COUNTY OF KNOX.

*(Circuit Court, E. D. Missouri. ——, 1880.)*

1. MUNICIPAL BONDS—SPECIAL TAX—GENERAL FUNDS—GENERAL REVENUES.

   A county court, authorized to levy for county purposes a tax of not more than one-half of 1 per cent. upon the assessed value of the taxable property of the county for each year, subscribed for stock of a railroad corporation and issued bonds in payment therefor pursuant to a law which authorized a levy of a special tax " not to exceed one-twentieth of 1 per cent. upon the assessed value of the taxable property for each year," to pay for the same. *Held*, that if the levy of one-twentieth of 1 per cent. was insufficient, the holders of such bonds were entitled to be paid the balance out of the general funds of the county, but not out of the general revenues.—[ED.

   *United States* v. *County of Clark*, 96 U. S. 211.

*Mandamus.*

Plaintiff recovered judgment against said county on certain bonds issued by the county to the Missouri & Mississippi Railroad Company, in the year 1868, under the thirteenth section of an act of the general assembly of the state of Missouri, entitled "An act to incorporate the Missouri & Mississippi Railroad Company," approved February 20, 1865. The thirteenth section provides as follows: "It shall be lawful for the corporate authorities of any city or town, or county court of any county, desiring so to do, to subscribe to the capital stock of said company, and may issue bonds therefor, and levy a tax to pay the same, not to exceed one-twentieth of 1 per cent., upon the assessed value of the taxable property for each year."

On the first day of December, 1879, the relator filed its information for a *mandamus*, against the county court of Knox county, to levy and cause to be collected a tax upon all the property in said county subject to taxation, and sufficient to pay off and discharge the warrant and judgment mentioned in the information, interest, and costs, and to apply the same, when collected, to the payment thereof, or show cause to the contrary.

Upon said information the court issued an alternative writ

of *mandamus*, commanding said county court of Knox county to levy a sufficient sum to pay said judgment and costs, as prayed in the information, or show cause to the contrary. To said alternative writ the county court made the following return: That they had annually levied a tax of one-twentieth of 1 per cent. ever since the issuing of said bonds; that they had no authority to levy any other or greater tax than one-half of 1 per cent. to pay the current expenses of administering the county government, and said special tax of one-twentieth of 1 per cent.; that said one-half of 1 per cent. fund was all consumed in the administration of the county government, so that there was nothing left out of which to pay said judgment, or any part thereof, from the fund derived from said levy of one-half of 1 per cent., after paying said current expenses; that, by the constitution of the state, the maximum amount which said county was authorized to levy for county purposes was one-half of 1 per cent., and the statute which was in force at the time when said bonds were issued likewise imposed the same limitation upon the county court. They further set up that if they were to draw a warrant upon the fund derived from said levy of one-half of 1 per cent., and the same should be paid, there would be nothing left in the treasury with which to pay the current expenses of administering the county government, and the result would be that it might effect the disorganization of the county government,—at all events that it would operate a suspension; and they denied the right of the relator to have a warrant drawn upon said fund, and also denied its right to have a special tax levied to pay its judgment.

To said return the relator interposed a demurrer.

*Sleeper & Whiton,* for relator.

*James Carr,* for respondent.

TREAT, D. J. The points presented arise on a demurrer to the return to the alternative writ of *mandamus.* The only point not heretofore settled by the decisions of the United States supreme court is whether, since the recent state statute concerning classification of funds, a *mandamus* can be awarded so that the warrant demanded may reach the gen-

eral revenues derived from the levy of one-half of the 1 per cent., if the levy of one-twentieth of 1 per cent. is not sufficient, or whether such general warrant for the deficiency on the 1-20 fund shall follow the language used by the United States supreme court in the case of the *United States* v. *The County of Clark*, 96 U. S. 211. Since that and other decisions rendered by the same court, the state statute passed for classification of the general revenues, it is contended, would practically leave no general funds applicable to the payment of plaintiff's judgment.

It may be that the purpose of the statute in question was to defeat the operation of the rules laid down in the decisions of the United States supreme court on this subject. But it must be borne in mind that under previous decisions of the same court the employment by United States courts of state or municipal agencies, to enforce the judgments and decrees of United States courts, must be in conformity with state statutes; or, in other words, that in the absence of authority on the part of county or municipal officers to act in the way desired, a United States court cannot compel them to so do. When United States courts seek the aid of county and municipal officers, to enforce their judgments and decrees, they ought not to ask said officers, who are not United States officers, to go beyond their lawful duties in executing what United States courts demand. If they may be considered, *quoad hoc*, United States officers, still, they are not clothed with other and greater authority than is vested in them by the laws creating their offices. The command of the writ issuing from a United States court cannot be for them to do what they have no legal right to do. That command can give them no legal authority beyond what was before vested in them. The court cannot enlarge their powers. If they have the power they can be compelled to exercise it. If they have not the power the writ cannot confer it upon them.

The demurrer to the return in this case is well taken, and will be sustained, but the peremptory writ will issue for a warrant upon the general funds of the county, and, not as sought, upon the general revenues. The county must con-

tinue to levy annually the one-twentieth and the one-half of 1 per cent., such being the extent of its power, out of which the warrants issued must be paid.

The writ may issue in accordance with the views here expressed.